Alvin HAYES, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, Appellee.

No. 4001.

Court of Civil Appeals of Texas.

Waco.

May 10, 1962.

Rehearing Denied May 31, 1962.

Donald V. Yarborough, Yarborough, Yarborough & Johnson, Dallas, for appellant.

Thompson, Knight, Wright & Simmons, Timothy E. Kelley, Dallas, for appellee.

WILSON, Justice.

Judgment for insurer was rendered on its motion in this workmen's compensation case, notwithstanding jury findings that appellant was an employee of Gulf Oil Corporation, as he alleged; and notwithstanding a further finding that Gulf conducted a partnership in the operation of a filling station. We affirm.

Gulf leased a service station and equipment to B. J. McCullough. The written lease agreement provided lessee should pay utility charges, license fees, taxes and other charges; should keep the premises in good repair and in clean, safe and sanitary condition; and that lessor might declare the lease terminated upon lessee's default in performance of its covenants. It recited that none of its provisions should be construed as reserving to lessor any right to direct or exercise any control over the manner of conducting the service station business or operations on the leased premises; and that lessee should have entire control and direction thereof. Lessee agreed to pay a rental of 1.35¢ per gallon on motor fuel sold, with a fixed monthly minimum and maximum.

Appellant was hired by McCullough (who operated the station with a partner, LaCour) as a porter. His duties were to change and repair tires, clean the premises (including restrooms), pump gas, and remove trash. McCullough paid his wages.

He was injured when he slipped on grease while changing a tire.

The evidence shows no restriction by Gulf as to the price at which McCullough sold products; or, except as to gasoline, as to his selling products of any other producer or manufacturer. A Gulf sign was displayed on the building, which was painted "Gulf colors." Gulf paid no utility or other charges; and neither employed, paid, controlled hours or type of duties of McCullough or the station employees. It gave no instruction as to when the station would open or close, furnished no uniforms, paid no overhead expense, paid no social security tax, withheld no wages for income tax, bore no loss, and received no profit from the station's operations. Gulf furnished its road maps for customers. McCullough could sell for cash or credit. If he honored a valid Gulf Credit card, Gulf paid him; if he accepted one which was invalid, resulting in non-payment, he bore the loss. Gulf furnished stationery for credit charges at no cost to the lessee. Appellant wore a uniform bearing Gulf insignia.

Appellant testified either McCullough, or his partner LaCour, were always at the station and told him what to do. He further testified that Gulf's retail sales representative visited the station weekly to inspect it, and "one day when he came there he said, 'get that grease off the wall, make the place look slick.' He wanted it to look real clean." He told appellant to keep the restrooms clean, "because it was very important." Appellant was coming out of the restroom and met the representative. Water from the basin had overflowed, "and he asked me was I going to get the mop and get that up, and I said I would, and he said it would be nice, and he would like for me to get it up." The sales representative testified it was against Gulf's policy to have dirty rest-rooms or grease on the driveways, and it was his duty under employment by Gulf to see about, and correct those conditions; that he made suggestions at McCullough's, and about 30

other such stations, that dirty conditions be corrected; that one of the purposes of his visits was to assist the dealers; that he reported anything wrong with restrooms to the person in charge of the station, and expected him to do something about it. The lessee was required to make a weekly report on gasoline sales, and Gulf kept records as to gasoline levels in station tanks, made regular deliveries and kept the tanks filled at certain levels.

We have attempted to summarize all favorable circumstances we have found, and all those pointed to by appellant. We see nothing significant in the record, considered most favorably to appellant, to distinguish this case from Texas Co. v. Wheat, 140 Tex. 468, 168 S.W.2d 632, where substantially all the controlling facts are practically the same. The test there announced is whether Gulf "had the right to control" lessee "in the details of the work to be performed in the operation of the service station." There, as here, the lease required lessee to keep the premises in a clean and sanitary condition, lessor retaining the right to terminate for failure. "It is true that the company demanded that certain standards as to cleanliness be maintained in the operation of the station, and that by reason of the option to cancel" it was "within the company's power to enforce obedience to its commands. But the company, as lessor, was interested in maintaining the good reputation of the station, and it had a right, as a condition precedent to the leasing of the station," Chief Justice Alexander there said, "to demand maintenance of such standards. It could enforce compliance with the contract in the maintenance of these standards without creating the relation of master and servant so long as it did not undertake to direct the details by which the results were to be accomplished"; and "the fact that the company demanded that the station, including the rest room, be kept clean did not create the relationship of master and servant."

■ As in the Wheat case, the contract on its face created the relation of landlord and tenant, and the evidence does not indicate it was a sham or subterfuge to conceal a different relationship. There is here no evidence showing Gulf had the right to control McCullough "in the details of the work to be performed in the operation of the service station." Appellant relies, among other cases, on Humble Oil & Refining Co. v. Martin, 148 Tex. 175, 222 S.W.2d 995, 998. The Supreme Court there completely distinguishes it from Wheat and from this case.

■ Appellant says the court erred in disregarding the finding McCullough and Gulf were partners. It contends that because it filed a trial amendment alleging they were partners, which averment appellee did not deny under oath as required by Rule 93(f), Texas Rules of Civil Procedure, the allegation was admitted. Aside from the questions as to whether notice and claim were against such an alleged partnership as employer, or whether appellee was alleged to be its carrier, the Rule, by its terms, is confined to denial of partnership "as to any party to the suit." Neither Gulf nor McCullough was a party to the suit.

We have considered all of appellant's points, and they are overruled. Affirmed.